IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

LESLIE RICHARD HOEPER,                       No. C-11-0683 TEH (PR)

        Plaintiff,

    v.                                         ORDER OF SERVICE

CITY AND COUNTY OF SAN FRANCISCO, et. al.,

        Defendant(s).
_____/

        Plaintiff, a former pretrial detainee at the San Francisco County Jail at 850 Bryant Street in San Francisco, filed this pro se civil rights action pursuant to 42 U.S.C. § 1983 alleging that San Francisco County Jail medical staffer Romelo Adeo was deliberately indifferent to Plaintiff's serious medical needs while he was jailed at that facility.  Specifically, Plaintiff alleges that Adeo gave Plaintiff 160 milligrams of methadone and that as a result, Plaintiff, who claims he never had taken this medication previously, was transferred to San Francisco General Hospital and treated for an overdose.  Doc. #1 at 2.  The action is now before the Court for initial screening pursuant to 28 U.S.C. § 1915A.

I

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). Pleadings filed by pro se litigants, however, must be liberally construed. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1990).

II

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment.[1] Estelle v. Gamble, 429 U.S. 97, 104 (1976). A determination of "deliberate indifference" to a prisoner's serious

---

[1] At the time he initiated this action, Plaintiff was awaiting trial in the San Francisco County Jail. As a pretrial detainee, his medical claim arises under the Due Process Clause, but the Eighth Amendment still serves as a benchmark for evaluating the claim. See Carnell v. Grimm, 74 F.3d 977, 979 (9th Cir. 1996) (Eighth Amendment guarantees provide minimum standard of care for pretrial detainees).

2

medical needs involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. See McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992).

A "serious medical need" exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." McGuckin, 974 F.2d at 1059 (citing Estelle, 429 U.S. at 104), overruled in part on other grounds by WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). A prison official is "deliberately indifferent" if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. Farmer v. Brennan, 511 U.S. 825, 837 (1994).

A pretrial detainee establishes a violation of the right to personal security protected by the Due Process Clause of the Fourteenth Amendment by demonstrating that prison officials acted with deliberate indifference. Redman v. County of San Diego, 942 F.2d 1435, 1443 (9th Cir. 1991) (en banc). A prison official acts with deliberate indifference only if he knows of and disregards an excessive risk to prisoner health or safety. Farmer, 511 U.S. at 837. The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he also must draw the inference. Id. Negligence is not sufficient to impose liability under 42 U.S.C. § 1983. Id. at 835; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). Rather, the official's conduct must have been "wanton," which turns not upon its effect on the prisoner, but rather, upon the constraints facing the

3

1  official.  Id. (citing Wilson v. Seiter, 501 U.S. 294, 302-03
2  (1991)).
3        Liberally construed, Plaintiff's allegations that medical
4  staffer Romelo Adeo was deliberately indifferent to Plaintiff's
5  serious medical needs appear to state a cognizable 42 U.S.C. § 1983
6  claim and Adeo will be served.
7        Named Defendant "City and County Department of Public
8  Health Jail Services" is hereby DISMISSED without prejudice due to
9  Plaintiff's failure to allege sufficient facts to show that some
10 official policy or custom caused a constitutional tort, see Monell
11 v. Dep't. of Social Servs., 436 U.S. 658, 690 (1978); see also Board
12 of Cty. Comm'rs. of Bryan Cty. v. Brown, 520 U.S. 397, 403 (1997);
13 Monell, 436 U.S. at 691; Fuller v. City of Oakland, 47 F.3d 1522,
14 1534 (9th Cir. 1995) (city or county may not be held vicariously
15 liable for the unconstitutional acts of its employees under the
16 theory of respondeat superior); Plumeau v. School Dist. #40 County
17 of Yamhill, 130 F.3d 432, 438 (9th Cir. 1997) (to impose municipal
18 liability under 42 U.S.C. § 1983 for a violation of constitutional
19 rights, plaintiff must show: (1) that plaintiff possessed a
20 constitutional right of which he or she was deprived; (2) that the
21 municipality had a policy; (3) that this policy amounts to
22 deliberate indifference to the plaintiff's constitutional rights;
23 and (4) that the policy is the moving force behind the
24 constitutional violation).
25 //
26 //
27 //
28
                                    4

**III**

For the foregoing reasons and for good cause shown:

1. The Clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, copies of the Complaint in this matter, all attachments thereto, and copies of this Order on <u>San Francisco County Jail (850 Bryant Street, San Francisco) Medical Staffer Romelo Adeo</u>. The Clerk also shall serve a copy of this Order on Plaintiff.

2. To expedite the resolution of this case, the Court orders as follows:

    a. No later than ninety (90) days from the date of this Order, Defendants shall file a motion for summary judgment or other dispositive motion. A motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56, and shall include as exhibits all records and incident reports stemming from the events at issue. If Defendants are of the opinion that this case cannot be resolved by summary judgment or other dispositive motion, they shall so inform the Court prior to the date their motion is due. All papers filed with the Court shall be served promptly on Plaintiff.

    b. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served upon Defendants no later than thirty (30) days after Defendants serve Plaintiff with the motion.

    c. Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in

order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact - that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case.  When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradicts the facts shown in the Defendants' declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted, your case will be dismissed and there will be no trial.  <u>Rand v. Rowland</u>, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc) (App. A).

      Plaintiff also is advised that a motion to dismiss for failure to exhaust administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice.  You must "develop a record" and present it in your opposition in order to dispute any "factual record" presented by the Defendants in their motion to dismiss.  <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003).

      d.  Defendants shall file a reply brief within fifteen (15) days of the date on which Plaintiff serves them with

6

the opposition.

          e.  The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the Court so orders at a later date.

      3.  Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No further Court order is required before the parties may conduct discovery.

      4.  All communications by Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

      5.  It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court and all parties informed of any change of address and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED  *10/05/2011*  
                          THELTON E. HENDERSON  
                          United States District Judge

G:\PRO-SE\TEH\CR.11\Hoeper-11-0683-order of service.wpd