IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LESLIE RICHARD HOEPER, | No. C-11-0683 TEH (PR) |
| Plaintiff, | ORDER GIVING ADDITIONAL NOTICE; DEADLINE FOR PARTIES TO FILE SUPPLEMENTAL MATERIALS |
| v. | |
| CITY AND COUNTY OF SAN FRANCSICO, et al., | |
| Defendants. | |

In <u>Rand v. Rowland</u>, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and <u>Klingele v. Eikenberry</u>, 849 F.2d 409, 411-12 (9th Cir. 1988), the Ninth Circuit held that <u>pro se</u> prisoner litigants must be given a warning about the requirements of Rule 56 of the Federal Rules of Civil Procedure pertaining to summary judgment and the consequences of such a motion. In <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1120 n. 4 (9th Cir. 2003), the court required somewhat similar warning about unenumerated motions to dismiss for failure to exhaust. This court routinely provides these warnings in its orders of service for prisoner pro se civil rights complaints.

The Ninth Circuit now has held that the notices must be provided at the time the motions are filed, and that notices given in advance of such motions are not sufficient. <u>Woods v. Carey</u>, No

09-15548, slip op. 7871, 7874 (July 6, 2012).  The new rule applies to all pending cases.  <u>Id.</u> at 7885.  In this case the defendants have moved for summary judgment.  Plaintiff has not opposed the motion and the time for him to do so has long passed.  Because the motion for summary judgment was filed before the opinion in <u>Woods</u> came down, of course the <u>Rand</u> notice was not given with the motion as required by <u>Woods</u>.

Plaintiff shall take notice of the following warning: Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.  Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact - that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case.  When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradicts the facts shown in the Defendants' declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted, your case will be dismissed and there will be no trial.  <u>Rand</u>, 154 F.3d at 962-63 (App. A).

If, after considering the above warning, Plaintiff wishes to file an opposition, he shall do so by August 30, 2012.  If Plaintiff makes a supplemental filing, defendants may file a reply within fourteen days of service of the supplemental filing.

IT IS SO ORDERED.

DATED     _08/02/2012_           _____
                                  THELTON E. HENDERSON
                                  United States District Judge

G:\PRO-SE\TEH\CR.11\Hoeper-11-0683-Woods Notice.wpd

3